**IN THE COURT OF APPEALS OF IOWA**

No. 15-0603
Filed August 31, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MILES LEAVENGOOD,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Marion County, Paul R. Huscher,

Judge.


        Miles Leavengood appeals his judgment and sentences for domestic

abuse assault causing bodily injury (second offense), assault causing serious

injury, and tampering with a witness.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Maria L. Ruhtenberg,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Miles Leavengood appeals his judgment and sentences for domestic abuse assault causing bodily injury (second offense), assault causing serious injury, and tampering with a witness. Leavengood (I) challenges the sufficiency of the evidence supporting the jury's findings of guilt on the domestic-abuse-assault and tampering-with-a-witness charges and (II) contends his trial attorney was ineffective in failing to object to several jury instructions and in stipulating to a serious injury.

## I.    Sufficiency of the Evidence

### A.    Domestic Abuse Assault

The State was required to prove the following elements of domestic abuse assault:

> 1. Miles Richard Leavengood and [S.B.] were household members who cohabited on July 6, 2014, or cohabited within the one year prior to July 6, 2014.
> 2. On or about the 6th day of July, 2014, Miles Richard Leavengood did an act which was intended to cause pain or injury, or result in physical contact which was insulting or offensive to [S.B.]
>     . . . .
> 4. Miles Richard Leavengood's act caused a bodily injury to [S.B.]

Leavengood challenges the first element. With respect to this element, the jury was instructed:

> The law defines "household members" as persons cohabiting with each other. "Cohabiting" does not require a sexual relationship, but does require more than dwelling or living together in the same place. To determine if Miles Richard Leavengood and [S.B.] were cohabiting at the time of the alleged offense, you may consider whether they had sexual relations while sharing the same living quarters; whether they shared income or expenses; whether they jointly used or owned property together; whether they held

themselves out as husband and wife; the continuity and length of their relationship; and any other facts shown by the evidence bearing on their relationship with each other.

A reasonable juror could have found this element satisfied based on Leavengood's admission that he was involved in an intimate relationship with S.B. between July 2013 and July 2014 and S.B.'s testimony that she was in a relationship with Leavengood in the year preceding trial. Substantial evidence supports the jury's finding of guilt on the domestic-abuse-assault charge. *See State v. Serrato*, 787 N.W.2d 462, 465 (Iowa 2010) (setting forth standard of review).

### B. Tampering with a Witness

The State was required to prove the following elements of tampering with a witness:

1. On or about the 6th day of July, 2014, Miles Richard Leavengood threatened or harassed [S.B.]
2. Miles Richard Leavengood believed [S.B.] had been or might be summoned as a witness in any judicial proceeding.
3. Miles Richard Leavengood intended to
   a. Improperly influence the testimony of [S.B.]; or
   b. Prevent testimony of [S.B.]; or,
   c. Retaliate for lawfully done acts by [S.B.]

Leavengood takes issue with the first element. He contends there is insubstantial evidence that he threatened or harassed S.B.

The jury received the following definitions of "threat" and "harass":

[A] "threat" is an expression of an intention to inflict evil, injury or damage on another. A person "harasses" another when, with intent to intimidate, annoy, or alarm the other, the person communicates with another by telephone, writing, or by electronic communication without legitimate purpose and in a manner likely to cause the other person annoyance or harm.

A reasonable juror could have found that Leavengood sent S.B. e-mails (1) referring to her as a "snitch"; (2) citing the fact she got the "cops involved"; (3) stating, and then retracting, an assertion that he would contact the department of human services, presumably with respect to her two children; and (4) stating he would turn off "the power and gas"—utilities which were in his name. A reasonable juror could have determined these messages contained threats, particularly in light of S.B.'s testimony that Leavengood was "either try[ing] to scare [her] or intimidate [her] in some way where [she] wouldn't say anything." Substantial evidence supports the threat alternative of tampering with a witness.

We turn to the harassment alternative. Leavengood contends the State had to prove he harassed S.B. in retaliation for something she lawfully did as a witness. In his view, the record contains insufficient evidence to establish she was a witness.

The State responds that Leavengood failed to preserve error on this contention. We disagree. Leavengood discussed the harassment portion of the statute in his motion for judgment of acquittal, specifically stating S.B. "didn't think at the time that there was going to be a trial; that she would be a witness anywhere." This was sufficient to preserve the issue for review. *See State v. Schories*, 827 N.W.2d 659, 664 (Iowa 2013) (noting counsel's statements, while conclusory, were sufficient to preserve error). Accordingly, we turn to the merits of Leavengood's challenge to the harassment portion of the tampering-with-a-witness charge.

The statute on tampering with a witness does indeed require proof of witness status in connection with the harassment alternative. *See* Iowa Code

§ 720.4 (2013) (stating a person commits the crime if the person, "in retaliation for anything lawfully done *by any witness* or juror in any case, harasses such witness or juror" (emphasis added)). But the marshalling instruction on tampering did not track the statute. Absent objection, the instruction became the law of the case. *See State v. Tyler*, 873 N.W.2d 741, 752 n.8 (Iowa 2016).

The first element of the instruction required a showing of a threat or harassment. The second element mentioned the word "witness" but only required a showing that "Leavengood believed [S.B.] had been or might be summoned as a witness in any judicial proceeding." The third element included the language cited by Leavengood—retaliation for lawfully done acts—but did not tie the language to harassment or being a witness. The State simply had to show Leavengood intended to

> a. Improperly influence the testimony of [S.B.]; or
> b. Prevent testimony of [S.B.]; or,
> c. Retaliate for lawfully done acts by [S.B.]

A reasonable juror could have found Leavengood harassed S.B. with his e-mails believing she might be summoned as a witness and he intended to improperly influence or prevent her testimony or retaliate for reporting the assault to police. The e-mails and S.B.'s testimony amount to substantial evidence in support of the harassment prong of the tampering charge.

## II. Ineffective Assistance of Counsel

### A. Jury Instructions

Leavengood claims his trial attorney was ineffective in failing to object to several jury instructions and by stipulating S.B. sustained a serious injury. First, he takes issue with the instructions on assault. He argues they did not include

6

language requiring the State to prove he had "the apparent ability to act." *See* Iowa Code § 708.1(1)(a) ("A person commits an assault when, without justification, the person does [a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, *coupled with the apparent ability to execute the act.*" (emphasis added)). Second, he challenges the instruction on tampering with a witness because, as noted, the instruction failed to state "that under the harassment alternative, the person harassed must be a witness as opposed to a person who has been or may be summoned as a witness." We preserve these ineffective-assistance-of-counsel claims to allow Leavengood's trial attorney an opportunity to address the claims. *See State v. Shortridge*, 589 N.W.2d 76, 84 (Iowa Ct. App. 1998). Because we are preserving these claims, we also preserve Leavengood's additional claim that counsel was ineffective in stipulating to a serious injury.

We affirm Leavengood's judgment and sentence and preserve his ineffective-assistance-of-counsel claims for postconviction relief.

**AFFIRMED.**